# Exhibit A

**IN THE 120ᵗʰ JUDICIAL DISTRICT COURT OF
EL PASO TEXAS**

| | | |
|---|---|---|
| Danielle Dempsey, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| | § | |
| vs. | § | Cause No. 2022DCV1991 |
| | § | |
| | § | |
| Lance Foster and | § | |
| MILLER ENGINEERS, INC. f.k.a | § | |
| SOUDER, MILLER& ASSOCIATES | § | |

<u>**PLAINTIFFS FIRST AMENDED PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW, DANIELLE DEMPSEY,** hereinafter Plaintiff, complaining of and about **LANCE FOSTER** and **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES**, hereinafter Defendants, and for cause of action would show unto the Court the following:

**I.DISCOVERY**

Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**II.CLAIMS FOR RELIEF**

Plaintiff seeks monetary relief of $250,000.00 but not more than $1,000,000.00 and non-monetary relief. Tex. R. Civ. P. § 47(c)(3).

**III.PARTIES**

    Plaintiff, **DANIELLE DEMPSEY** is an individual and resident of Texas. The last three digits of her driver licensed are 464. The last three numbers of Plaintiffs social security are 974.

Defendant **LANCE FOSTER** is an individual residing in Las Cruces, New Mexico, and may be served with process at his address of 1536 Isaacks, Las Cruces, New Mexico 88007, or wherever he may be found.

Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER AND ASSOCIATES** is a domestic company authorized to conduct business in Texas, whose mailing address is 5454 Venice Ave., NE Ste D., Albuquerque, New Mexico 87113, and may be served with process by serving its registered agent Incorp Services at 815 Brazos, Suite 500, Austin, Texas 78701 or anywhere they may be found.

**Service of process is requested by private process as authorized by this Court.**

## V. MISNOMER, ALTER-EGO

In the event any parties are misnamed or not included herein, it is Plaintiffs contention

that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## V. VENUE AND JURISDICTION

Venue is proper in El Paso County pursuant to Texas Civil Practice & Remedies Code §15.002(a)(l) because all or a substantial part of the events or omissions giving rise to this cause of action occurred in El Paso County, Texas.

Plaintiff has suffered damages in excess of the jurisdictional minimum of this Court.

## VI. FACTS

On or about July 13, 2020, **DANIELLE DEMPSEY** was operating her 2013 black Chrysler Town & Country van in a safe and prudent manner, travelling westbound on the 12700 block of Montana Ave., where she was stopped at a red light. Defendant **LANCE FOSTER** was operating a 2015 Ford F250 truck and was also travelling westbound on Montana Ave., directly behind the Plaintiff. Defendant **LANCE FOSTER** was not paying attention to the traffic stopped ahead of him, and violently rear-ended Plaintiffs vehicle. At the time of this incident, Defendant

**LANCE FOSTER** was an employee of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** and was in the course and scope of his employment with Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES**. As a result of the negligent conduct of Defendants, Plaintiff sustained substantial physical injuries. Furthermore, Defendant **LANCE FOSTER** was cited for *failure to control speed.*

As a result of the negligent conduct of Defendants and the resulting collision, Plaintiff **DANIELLE DEMPSEY** sustained physical injuries to her wrist, back, and body as a whole.

## VII. NEGLIGENCE OF DEFENDANT LANCE FOSTER

Plaintiff contends that on the occasion in question, injuries and damages were proximately caused by the negligent acts and/or omissions of the Defendant because the Defendant violated the duty he owed to exercise ordinary care in the operation of their motor vehicle in the following particulars:

1.  Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

2.  Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances and under the same or similar road and weather conditions;

3.  Failure to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

4.  Failing to operate the vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances;

5.  Failing to abide by, and to adhere to, applicable traffic laws, such as a person of ordinary care would have done under the same or similar circumstances; and

6.  Failing to maintain a proper distance.

7.  Other acts and omissions constituting negligence.

Each of the foregoing negligent acts and/or omissions, whether taken singularly or in combination, were the proximate causes of the collision made the basis of this cause of action, the injuries suffered by Plaintiff, and the damages sustained by Plaintiff, which are hereinafter described with more particularity.

## VIII. NEGLIGENCE PER SE OF DEFENDANT LANCE FOSTER

**Texas Transportation Code Section 545.062**

(a) An operator approaching shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

**Texas Transportation Code Section 544.004**

(a) The operator of a vehicle or streetcar shall comply with an applicable official traffic control device placed as provided by this subtitle unless the person is:

(1)     otherwise directed by a traffic or police officer; or

(2)     operating an authorized emergency vehicle and is subject to exceptions under this subtitle.

(b)     A provision of this subtitle requiring an official traffic-control device may not be enforced against an alleged violator if at the time and place of the alleged violation the device is not in proper position and sufficiently legible to an ordinarily observant person. A provision of this subtitle that does not require an official traffic-control device is effective regardless of whether a device is in place.

IX.

## NEGLIGENCE OF DEFENDANT

## MILLER ENGINEERS, INC. f.k.a SOUDER, MILER ASSOCIATES

The collision and Plaintiffs injuries and damages suffered by reason thereof were proximately caused by the negligent and careless disregard of duty of **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** which consisted of, but is not limited to, the following acts and omissions:

a) Failing to provide competent employees, agents and/or contractors;

b) Failing to properly train, supervise, and instruct its employees, agents and/or contractors;

(c) Failing to instruct its employees, agents and/or contractors about safety, and to provide said employees, agents and/or contractors with rules and regulations for the safety of others, including Plaintiff;

(d) Instructing its employees, agents and/or contractors to perform their jobs in an unsafe manner;

(e) Negligently entrusting the control and operation of the subject vehicle to Defendant Foster when Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES.**, knew or should have known that Defendant Foster was unfit, unskilled, unqualified and/or not licensed to operate said vehicle;

(f) Negligently hiring and retaining Defendant Foster.

(g) Failing to maintain, service and/or repair the commercial motor vehicle in question.

(h) Providing Defendant Foster with a mechanically defective motor vehicle; and

(i) Allowing Defendant Foster to operate a motor vehicle even though Defendant., MILLER ENGINEERS, INC. f.k.a  SOUDER, MILLER & ASSOCIATES knew or should have known that Defendant Foster was physically and mentally unfit to do so.

The above-referenced negligent acts and/or omissions of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES**, whether taken singularly or in concert, constitute a direct and proximate cause of the injuries and damages sustained by Plaintiff, noted more fully below.

## X.

## <u>GROSS NEGLIGENCE</u>

At the time and on the occasion in question, and immediately before that Defendant **LANCE FOSTER** engaged in the course of conduct that was performed with reckless disregard for the rights of others and was grossly negligent. This conduct proximately caused Plaintiffs injuries. Plaintiff is therefore entitled to recover exemplary damages because of Defendant **LANCE FOSTER** actual subjective

awareness, conscious, willful, wanton, and intentional disregard for the rights of others. Plaintiff sues for punitive or exemplary damages in an amount above the minimum jurisdictional limits of this Court.

## XI.

## RESPONDEAT SUPERIOR/VICARIOUS LIABILITY OF

## MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES

All agents, servants, representatives, and/or employees referred to herein of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** were in the course and scope of their respective agency, servitude or employment and were under the direct control of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** In the alternative, if such be necessary, Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** through management had authorized and/or ratified the described conduct of its agents, servants, representatives, and/or employees.

Therefore, since the agents, servants, representatives, and/or employees of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER MILLER & ASSOCIATES** were, at the time of the incident made the basis of this lawsuit, acting within the course and scope of their employment for Defendant, then pursuant to the doctrine of Respondeat Superior, the agents, servants, representatives, and/or employees' negligent acts and/or omissions are imputed to Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER,MILLER & ASSOCIATES.**

## XII. IN THE ALTERNATIVE,  BORROWED EMPLOYEE

Plaintiffs adopt and incorporate by reference and repeats verbatim herein, the allegations contained in the preceding paragraphs, the same as if set forth fully hereafter in this section.

In the alternative, Defendant **LANCE FOSTER** was acting as a borrowed servant of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER,MILLER & ASSOCIATES** who had the right to direct and control the details of his work.

Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER,MILLER & ASSOCIATES** exercised and/or retained the actual right of control over the manner in which the work was performed by Defendant **LANCE FOSTER.**

## XIII. IN THE ALTERNATIVE, OSTENSIBLE AGENCY

In the alternative, if Defendant **LANCE FOSTER** was not acting as an/the employee(s) of Defendant **MILLER ENGINEERS, INC. f.k.a  SOUDER, MILLER & ASSOCIATES** and/or as a Borrowed Servant of Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** as alleged in this pleading, then Defendant **LANCE FOSTER** was acting as Defendant **MILLER ENGINEERS, INC. f.k.a SOUDER, MILLER & ASSOCIATES** ostensible agent at all relevant times.

## XIV. DAMAGES FOR PLAINTIFF DANIELLE DEMPSEY

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

1. Reasonable medical care and expenses in the past.  These expenses were incurred by plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas:

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering in the future;

5. Physical impairment in the past;

6. Physical impairment which, in all reasonable probability, will be suffered in the future;

7. Mental pain and anguish of Plaintiff in the past;

8. Mental pain and anguish of Plaintiff in the future;

9. Property damage;

10 Lost wages and loss of earning capacity; and

11. Punitive damages.

By reason of all of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## XV. REQUIRED DISCLOSURES

A party must make the initial disclosures within 30 days after the filing of the first answer or general appearance unless a different time is set by the parties' agreement or court order. A party that is first served or otherwise joined after the filing of the first answer or general appearance must make the initial disclosures within 30 days after being served or joined, unless a different time is set by the parties' agreement or court order.

## XVI. DESIGNATED EMAIL FOR SERVICE PROCESS

Plaintiffs hereby notifies all parties that the designated email for service for all matters included, but not limited to discovery, motions, notices and pleadings, is as follows:

getlit@lovettlawfinn.com

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (as allowed by law) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

*[This space is intentionally left   blank]*

Respectfully submitted,

**LOVETT LAW FIRM**
619 Arizona Ave.
El Paso, Texas 79902
(915) 757-9999
(915) 595-4166 Facsimile

BY:      /S/ Russel A. Murray

**RUSSELL A. MURRAY**
State Bar No. 24062519
rmurray@lovettlawfirm.com
*Attorneys for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Alejandra Garcia on behalf of Russell Murray
Bar No. 24062519
agarcia@lovettlawfirm.com
Envelope ID: 66299985
Status as of 7/14/2022 8:40 AM MST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LOVETT LAW FIRM LITIGATIONDEPARTMENT | | getlit@lovettlawfirm.com | 7/13/2022 4:54:30 PM | SENT |